LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15–00838 BRO (JEMx)** | Date | March 30, 2015 |
|---|---|---|---|
| Title | **HOME SAFETY ASSOCIATION OF AMERICA, LLC V. UNIVERSAL ADMINISTRATORS SERVICES, INC. ET AL** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | | |
|---|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10] AND VACATING REMOVING DEFENDANTS' MOTION TO DISMISS [15]**

## I. INTRODUCTION

Pending before the Court is a Motion to Remand filed by Plaintiff Home Safety Association of America, LLC ("Plaintiff"). (Dkt. No. 10.) After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Plaintiff's motion and hereby **REMANDS** this case to the Superior Court of California, County of Los Angeles, Central District. The Motion to Dismiss filed by the two removing defendants, (Dkt. No. 15), which is not set for a hearing until May 4, 2015, is hereby **VACATED as moot**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff sells repair and replacement benefit programs for home appliances. (Compl. ¶ 1.) According to the Complaint, Plaintiff entered into an agreement with Defendant Universal Administrators Services, Inc. ("Universal") and its owner, Defendant Jack Wainwright ("Wainwright"), under which these defendants agreed to provide claim administration services for Plaintiff's customers. (Compl. ¶ 1, Ex. A.) Plaintiff alleges that Universal and Wainwright breached the agreement by collecting payments for unrendered services. (Compl. ¶ 2.) Plaintiff further alleges that these defendants misappropriated its trade secrets, including customer lists, sales strategies, and

Case 2:15-cv-00838-BRO-JEM Document 25 Filed 03/30/15 Page 2 of 11 Page ID #:260

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15–00838 BRO (JEMx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | HOME SAFETY ASSOCIATION OF AMERICA, LLC V. UNIVERSAL ADMINISTRATORS SERVICES, INC. ET AL | | |

marketing methods, and divulged this information to various third parties, including Plaintiff's direct competitor, Defendant Septic Protection Plan, LLC ("Septic"). (Compl. ¶ 2.) Based on these allegations, Plaintiff brings state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, misappropriation of trade secrets under California law, trade libel, intentional interference with contractual relations, violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, civil conspiracy, and injunctive relief. (Compl. ¶¶ 22–80.)

Plaintiff initiated this lawsuit in the Superior Court of California, County of Los Angeles on December 31, 2014. (Dkt. No. 1.) Defendants Universal and Wainwright (collectively, "Removing Defendants") filed a Notice of Removal with this Court on February 5, 2015. (Dkt. No. 1.) The Notice of Removal invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (*See* Removal ¶ 5.)

On February 24, 2015, Plaintiff filed the instant Motion to Remand. (Dkt. No. 10.) Plaintiff objects to the propriety of this matter's removal on two grounds. First, Plaintiff asserts that the removal was procedurally improper because Septic did not join in or consent. Second, Plaintiff argues that the removal is substantively defective because the amount in controversy in this case does not exceed the requisite jurisdictional minimum. Removing Defendants opposed Plaintiff's motion, (Dkt. No. 22), and Plaintiff timely replied, (Dkt. No. 24).

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. They possess original jurisdiction only as authorized by the Constitution and federal statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between "citizens of different states." *Id.* § 1332(a)(1).

Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if the plaintiff could have originally filed the action in federal court. 28 U.S.C. § 1441(a). This means removal is proper only if the district court has original jurisdiction over the

Case 2:15-cv-00838-BRO-JEM Document 25 Filed 03/30/15 Page 3 of 11 Page ID #:261

LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 15–00838 BRO (JEMx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | HOME SAFETY ASSOCIATION OF AMERICA, LLC V. UNIVERSAL ADMINISTRATORS SERVICES, INC. ET AL | | |

issues alleged in the state court complaint. A removing defendant must also comply with certain procedural requirements as set forth in 28 U.S.C. § 1446. Among these is the requirement that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties"). Parties who have not been properly served need not join in or consent to removal. *Emrich v. Touch Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (citing *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves."), *superceded by statute on other grounds*, 28 U.S.C. § 1441(e), Pub. L. No. 99-336, § 3(b), 100 Stat. 637, *as explained in Etheridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 n.3 (9th Cir. 1988)).

"Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superceded by statute on other grounds*, 28 U.S.C. § 1453(b), Pub. L. 109-2, 119 Stat. 4, *as explained in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681–82 (9th Cir. 2006). This particular burden stems from a removing party's general burden of demonstrating that removal is proper. *Emrich*, 846 F.2d at 1195 ("The burden of establishing federal jurisdiction is upon the party seeking removal"). In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *See id.*

## IV. DISCUSSION

Plaintiff argues that removal was improper and requests that the Court remand this case for two reasons. First, Plaintiff asserts that the removal was procedurally defective under § 1446 because Septic was properly served prior to the removal but did not join in or consent to it. (Mot. to Remand at 5–6.) Second, Plaintiff avers that Removing

| Case No. | CV 15–00838 BRO (JEMx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | HOME SAFETY ASSOCIATION OF AMERICA, LLC V. UNIVERSAL ADMINISTRATORS SERVICES, INC. ET AL | | |

Defendants have not satisfied their burden of demonstrating that the amount in controversy exceeds $75,000. (*Id.* at 6–7.) The Court will address each argument in turn.

### A. Whether Septic Was Required To Consent To Removal

As indicated above, all properly joined and served defendants must consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A). The parties appear to agree that Septic is a properly joined defendant. But the parties vigorously dispute whether Plaintiff properly served Septic prior to this matter's removal. The Notice of Removal states that "[i]t is the understanding of Defendants [Universal] and Wainwright that Defendant Septic has not yet been served with the Complaint." (Removal ¶ 2.) Plaintiff disputes this allegation and proffers evidence that it mailed a copy of the Summons and Complaint to Septic's registered agent on January 6, 2015. (Decl. of Michelle Eshaghian in Supp. of Mot. to Remand ("Eshaghian Decl.") ¶¶ 2–3, Ex. A.)

A district court should consider state law when determining whether a defendant has been properly served for purposes of removal. *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (looking to California state law to determine whether service was proper). Initially, the parties disagree as to the proper state law governing service of process on Septic. Removing Defendants point to California Code of Civil Procedure section 415.30, which governs service of process by mail.[1] Plaintiff asserts that it perfected service under section 415.40, which governs process on persons outside the State of California.[2] Under section 415.40, "[a] summons may be served on a person outside [California] in any manner provided by this article or by sending a copy of the

---

[1] Section 415.30 provides that "[a] summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." *See* Cal. Civ. Proc. Code § 415.30(a). Service made pursuant to this section "is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender." *Id.* § 415.30(c). Plaintiff concedes that Septic did not return a signed written acknowledgement. (*See* Mot. to Remand at 4.)

[2] All references to "section" are to the California Code of Civil Procedure unless otherwise specified.

Case 2:15-cv-00838-BRO-JEM Document 25 Filed 03/30/15 Page 5 of 11 Page ID #:263

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15–00838 BRO (JEMx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | HOME SAFETY ASSOCIATION OF AMERICA, LLC V. UNIVERSAL ADMINISTRATORS SERVICES, INC. ET AL | | |

summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." *See* Cal. Civ. Proc. Code § 415.40.

Septic is a limited liability company whose sole member is a citizen of the State of Florida. (*See* Compl. ¶ 6; *see also* Dkt. No. 20-1.) Because Septic is located in and a citizen of Florida, section 415.40 governs the question of whether Plaintiff perfected service of process. Under section 415.40, "[s]ervice of a summons by this form of mail is deemed complete on the 10th day after such mailing." Cal. Civ. Proc. Code § 415.40. Where a party serves a defendant by mail pursuant to section 415.40, "proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence." *Id.* § 417.20.

Section 416.40 sets forth the "person to be served" when the defendant is an unincorporated association. With respect to limited liability companies like Septic, the person to be served includes the person designated for service of process, "the president or other head of the association, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the association to receive service of process." *Id.* § 416.40(b). The comments to section 416.40 make clear that "[t]he list of persons who may be served has been expanded to follow more closely the rules governing service on a corporation." *Id.*

With these principles in mind, the Court turns to the case at hand. Plaintiff has proffered evidence that its attorney mailed all of the required service documents via first-class certified mail, postage prepaid, return receipt requested, on January 6, 2015, to the address and person designated as Septic's registered agent. (*See* Eshaghian Decl. ¶ 2–3, Ex. A; *see also* Decl. of Michelle Eshaghian in Supp. of Reply ("Eshaghian Reply Decl.") ¶¶ 2–3, Ex. C.) Plaintiff has also proffered evidence that the documents were delivered to this address on January 12, 2015, at 1:42 p.m., and that an individual "M. Smiley" signed to verify receipt of the documents. (Eshaghian Decl. Ex. B.)

Removing Defendants first argue that service on Septic was improper because Septic did not execute or return to Plaintiff a signed acknowledgement of its receipt of service. (Opp'n at 3.) This argument is inapposite, however, because the rule requiring a written acknowledgement applies when a plaintiff directs service pursuant to section 415.30. *See* Cal. Civ. Proc. Code § 415.30(c). Because Septic is an out-of-state

Case 2:15-cv-00838-BRO-JEM Document 25 Filed 03/30/15 Page 6 of 11 Page ID #:264

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15–00838 BRO (JEMx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | HOME SAFETY ASSOCIATION OF AMERICA, LLC V. UNIVERSAL ADMINISTRATORS SERVICES, INC. ET AL | | |

defendant, section 415.40 governs, and this section contains no such rule. *See generally id.* § 415.40. Rather, section 415.40 provides that service is complete ten days after mailing a copy of the summons and complaint "to the person to be served by first-class mail, postage prepaid, requiring a return receipt." *Id.* Plaintiff's evidence demonstrates that it directed service of the appropriate documents to Septic's registered agent, who is a proper "person to be served" under section 416.40, via first-class certified mail, postage prepaid, return receipt requested, on January 6, 2015. (*See* Eshaghian Decl. ¶¶ 2–3, Ex. A; *see also* Eshaghian Reply Decl. ¶¶ 2–3, Ex. C.) Accordingly, service on Septic would be deemed complete as of January 16, 2015.

Removing Defendants next challenge Plaintiff's proof of service. (Opp'n at 3–4.) Specifically, Removing Defendants point to the fact that Septic's registered agent, Jon D. Blakesberg ("Mr. Blakesberg"), did not sign the return receipt. Rather, the return receipt bears the signature of "M. Smiley." (*See* Eshaghian Decl. Ex. B.) Plaintiff does not dispute that Mr. Blakesberg, not "M. Smiley," serves as Septic's registered agent. (*See* Eshaghian Reply Decl. Ex. A.) But Plaintiff argues that the return receipt is nevertheless satisfactory evidence of proper service on Septic. To support this argument, Plaintiff proffers evidence that it addressed the Summons and Complaint to Mr. Blakesberg as Septic's registered agent, and that it mailed the service documents to the address listed in Septic's corporate filings for service on its registered agent. (*See* Eshaghian Decl. ¶¶ 2–3; *see also* Eshaghian Reply Decl. ¶¶ 2–3, Ex. A.) Plaintiff also offers evidence that an individual named Maria Smiley ("Ms. Smiley") serves as the office manager for Mr. Blakesberg's accounting and consulting business, and that this business address matches the address designated for service on Mr. Blakesberg as Septic's registered agent. (*See* Eshaghian Reply Decl. Exs. A, B.) Finally, Plaintiff's evidence shows that the address on the return receipt signed by "M. Smiley" matches Mr. Blakesberg's business address. (*See* Eshaghian Decl. Ex. B.)

As an initial matter, the Court reiterates that Removing Defendants bear the burden of establishing that Septic was not properly served prior to this matter's removal on February 5, 2015. *See Prize Frize, Inc.*, 167 F.3d at 1266; *see also Emrich*, 846 F.2d at 1195. Under the applicable state law, proof of service on Septic requires "evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt *or other evidence*." Cal. Civ. Proc. Code § 417.20 (emphasis added). Because it is undisputed that Mr. Blakesberg did not sign the return receipt

Case 2:15-cv-00838-BRO-JEM Document 25 Filed 03/30/15 Page 7 of 11 Page ID #:265

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15–00838 BRO (JEMx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | HOME SAFETY ASSOCIATION OF AMERICA, LLC V. UNIVERSAL ADMINISTRATORS SERVICES, INC. ET AL | | |

indicating service on January 12, 2015, the dispositive inquiry is whether the signature of "M. Smiley" constitutes satisfactory evidence that Mr. Blakesberg actually received the service documents.

The California Court of Appeal's decision in *Cruz v. Fagor America, Inc.*, 146 Cal. App. 4th 488 (2007) is instructive.[3] The *Cruz* court faced the issue of whether the plaintiff had satisfied the statutory requirements for serving an out-of-state corporate defendant by mail. The plaintiff addressed and mailed the summons and complaint, return receipt requested, to the defendant's president at the address listed for service of process. *See* 146 Cal. App. 4th at 868. Although the defendant's president did not sign the return receipt, the plaintiff proffered evidence that the individual who did sign was an employee of the defendant who regularly received mail on the company's behalf. *Id.* at 869. The defendant also failed to offer rebuttal evidence suggesting that the employee was not in fact authorized to accept mail on the company or the president's behalf. *Id.* at 869–70. The *Cruz* court went on to explain,

> Barriga's [the president] statement that he did not receive the summons and complaint does not establish that service of process was invalid. Barriga had constructive knowledge of the existence of the action, and of the summons and complaint, once an individual authorized to receive corporate mail acknowledged service. To hold otherwise would be to ignore the realities of corporate life, in which the duty to sign for mail received often resides with a designated mail room employee, a receptionist, a secretary, or an assistant. A plaintiff who has provided evidence that a person authorized to receive mail on behalf of a corporation in fact received an item that was mailed to an officer of the corporation should not be held responsible for any failure on the part of the corporate defendant to effectively distribute that mail.

*Id.* at 870. Because the plaintiff correctly addressed the summons and complaint to the defendant's president—a person authorized to receive service of process on the

---

[3] The *Cruz* decision involved service by mail on an out-of-state corporation under section 415.40 and addressed the issue of whether there was sufficient proof of service on a proper "person to be served." Because the comments to section 416.40 indicate that the list of "persons to be served" with respect to unincorporated associations "has been expanded to follow more closely the rules governing service on a corporation," *see* Cal. Civ. Proc. Code § 416.40, the Court will look to *Cruz* for guidance.

Case 2:15-cv-00838-BRO-JEM Document 25 Filed 03/30/15 Page 8 of 11 Page ID #:266

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15–00838 BRO (JEMx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | HOME SAFETY ASSOCIATION OF AMERICA, LLC V. UNIVERSAL ADMINISTRATORS SERVICES, INC. ET AL | | |

defendant's behalf—and because the plaintiff provided evidence that the documents were received by an employee who regularly accepted mail on the defendant and the president's behalf, the *Cruz* court concluded that the statutory requirements for service of process were met, and that satisfactory evidence of proof of service existed. *Id.*

The circumstances in *Cruz* are similar to those involved in this case. Like the plaintiff in *Cruz*, here Plaintiff mailed and addressed the service documents to a proper "person to be served." *Cruz*'s reasoning suggests that if Ms. Smiley regularly accepts mail on Mr. Blakesberg's behalf, her signature on the return receipt is sufficient to show actual delivery to Mr. Blakesberg under the standard set forth in section 417.20. Although Plaintiff has not provided evidence in the form of a declaration or otherwise that Ms. Smiley does in fact regularly accept mail on Mr. Blakesberg's behalf, it is reasonable to infer as much given the fact that she serves as the office manager for his company, whose business address corresponds with the address listed in Septic's corporate filings for service on its registered agent. Accordingly, Ms. Smiley's signature appears to be satisfactory evidence of actual delivery on January 12, 2015.

Unlike the case in *Cruz*, however, where the defendant failed to offer any rebuttal evidence, here Removing Defendants have proffered the declaration of their counsel, who states that she spoke with Septic's counsel, Jack D. Luks ("Mr. Luks"), two days before filing the Notice of Removal, and that Mr. Luks represented that Septic had not yet been served. (*See* Decl. of Michelle Tupper in Supp. of Opp'n ("Tupper Decl.") ¶ 3.) To complicate the matter further, Plaintiff has proffered contradictory evidence suggesting that Mr. Luks represented to its counsel that Septic had been properly served. To that end, Plaintiff's counsel has provided a declaration stating that he also spoke with Mr. Luks, during which conversation Mr. Luks acknowledged that Septic had been served. (*See* Decl. of Maurice Pessah in Supp. of Mot. to Remand ("Pessah Decl.") ¶ 3.)

The Court is mindful that Mr. Pessah's declaration indicates the conversation with Mr. Luks occurred on February 18, 2015, nearly two weeks after the filing of the Notice of Removal. (*See id.*) On the one hand, Mr. Pessah's declaration could be read to indicate that Septic was served sometime after the removal but before February 18, 2015. But because the evidence suggests Plaintiff directed service on only one occasion, Mr. Pessah's declaration could just as reasonably be read as an admission that Septic was served on the January 12, 2015 date reflected on the return receipt. Because neither party

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15–00838 BRO (JEMx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | HOME SAFETY ASSOCIATION OF AMERICA, LLC V. UNIVERSAL ADMINISTRATORS SERVICES, INC. ET AL | | |

has proffered a declaration from Mr. Luks, and because both parties rely on contradictory hearsay statements, the Court will not find one reading of Mr. Pessah's declaration to be more reasonable than another, or one party's declaration to be more credible than the other party's.

As a final matter, the Court notes that Plaintiff has also offered evidence that Removing Defendants sought Septic's consent prior to removal, and that Septic expressly withheld consent. (*See* Pessah Decl. Ex. A.) Removing Defendants do not dispute this evidence. (*See generally* Opp'n.) The Court recognizes that a district court may allow removing parties to cure a defect regarding unanimous consent prior to the entry of judgment. *See Destfino*, 630 F.3d at 956–57 ("All defendants who have been properly served in the action must join a petition for removal. If this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." (internal citations and alterations omitted).). Given Septic's position and prior refusal to consent to removal, the Court declines to exercise its discretion to permit Removing Defendants to attempt to obtain Septic's consent now.

In light of the contradictory evidence regarding whether Septic was properly served prior to removal, the Court finds that the removal was procedurally improper under § 1446(b)(2)(A). Removing Defendants bear the burden of establishing that Septic was not properly served before February 5, 2015. Because the evidence suggests that it is just as likely Septic was properly served as it is Septic was not, Removing Defendants have failed to satisfy this burden. Remand is appropriate on this basis. That Septic expressly withheld its consent to removal further supports this conclusion. *See Cardroom Int'l LLC v. Scheinberg*, No. CV 12-02870 MMM, 2012 WL 2263330, at *7 (C.D. Cal. June 18, 2012) (remanding the case where one defendant expressly refused to consent to removal and the parties proffered contradictory evidence as to whether the defendant was properly served).

### B. Whether Removing Defendants Have Shown By A Preponderance Of The Evidence That The Amount in Controversy Exceeds $75,000

As discussed in detail above, Removing Defendants have failed to satisfy their burden of establishing that Septic's consent was not required to properly remove this case

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15–00838 BRO (JEMx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | HOME SAFETY ASSOCIATION OF AMERICA, LLC V. UNIVERSAL ADMINISTRATORS SERVICES, INC. ET AL | | |

under 28 U.S.C. §§ 1441 and 1446. As an additional basis for its decision that this case must be remanded, the Court also finds that Removing Defendants have failed to satisfy their burden with respect to the amount in controversy.

When a defendant removes a complaint to federal court, the defendant's burden with respect to the amount in controversy varies depending on the circumstances. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Where, as is the case here, the plaintiff does not plead a specific amount in controversy and it is therefore "unclear or ambiguous from the face of [the] state-court complaint whether the requisite amount in controversy is plead," the applicable standard is by a preponderance of the evidence. *Id.* This requires the defendant to offer evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest. *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Plaintiff's Complaint does not demand a specific amount of damages. (*See generally* Compl.) In their Notice of Removal, Removing Defendants assert that the amount in controversy is satisfied because "Plaintiff seeks unlimited damages, including unspecified monetary damages, incidental and consequential damages, punitive damages, costs of the suit, and attorneys' fees" on its eight claims for relief. (Removal ¶ 14.) Removing Defendants contend that they have met the "more likely than not" preponderance of the evidence standard based on the following calculation regarding Plaintiff's contract damages.

The Complaint alleges that Plaintiff had "thousands" of customers for whom Universal was obligated to provide claim administrative services. (Compl. ¶ 16.) The Complaint also includes an addendum to the parties' contract setting forth the various warranties Plaintiff offers to its customers, as well as the net profit on those warranties after deducting Universal's administration costs. (*See* Compl. Ex. A.) Removing Defendants hypothesize that "thousands" indicates at least 2,000 customers, and that based upon the lowest annual net profit associated with any warranty plan and the time remaining on the parties' contract, Plaintiff's contract damages could exceed $156,000. (*See* Opp'n at 2, 7–8.)

LINK:

#### UNITED STATES DISTRICT COURT
#### CENTRAL DISTRICT OF CALIFORNIA

#### CIVIL MINUTES – GENERAL

| Case No. | CV 15–00838 BRO (JEMx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | HOME SAFETY ASSOCIATION OF AMERICA, LLC V. UNIVERSAL ADMINISTRATORS SERVICES, INC. ET AL | | |

In its Reply, Plaintiff counters that "thousands" could suggest 1,001 customers, and that the lowest annual net profit associated with any warranty plan is in fact $2.40, not $3.00 as Removing Defendants' calculation assumes. The Court's review of the addendum confirms that $2.40 is the lowest annual net profit. Using Plaintiff's figures, Plaintiff's contract damages would amount to $62,462.40. (*See* Reply at 6–7.)

As Plaintiff argues, neither calculation is more probable than the other at this stage of the proceedings. And assuming Plaintiff's calculation to be true, Plaintiff's contract damages would not satisfy the amount in controversy. The Court is mindful that Plaintiff has asserted other claims and has requested punitive damages and attorneys' fees, all of which the Court must consider in determining whether it is more likely than not that the amount in controversy in this case exceeds $75,000. Nevertheless, given the fact that Removing Defendants have not offered the Court evidence of damages figures in cases involving similar facts and claims, (*see generally* Notice of Removal), the Court finds that they have failed to satisfy their burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**, and the hearing on this motion set for April 6, 2015, at 1:30 p.m., is hereby **VACATED**. This case is accordingly **REMANDED** to the Superior Court of California, County of Los Angeles, Central District. Removing Defendants' pending Motion to Dismiss, which is set for a hearing on May 4, 2015, at 1:30 p.m., is hereby **VACATED as moot**.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |